[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiffs Bervic Company, Inc. and Petroleum Contractors, Inc. bring this action in two counts for breach of contract against Vincent Bosco as an individual doing business under the name Bosco Dodge. The court finds the issues in favor of the defendant.
After trial the defendant produced certificates indicating that Bosco is the president of Bosco Automotive Center, Inc., a Connecticut corporation, and that that corporation conducts its business under the trade name "Bosco Dodge." No claims in that regard were made the pleadings or during the trial, however, and the court's decision is limited to the question of Bosco's liability as an individual.
Plaintiff Bervic is in the business of selling garage and service station equipment, and plaintiff Petroleum Contractors is in the business of installing the equipment sold by Bervic. The two companies are commonly owned, share the same facilities and office quarters and conduct their businesses jointly.
In March 1989, the sales vice president of Bervic made several calls on Bosco in an effort to sell him equipment. Several proposals were made for sales by Bervic and installation by Petroleum Contractors. Finally, on March 21, Bosco signed two documents relating to the sale and installation of equipment. There is no notation or other indication on either document that he was signing except as an individual. These documents had been entirely prepared by Bervic and Petroleum Contractors in advance. The Bervic document was signed that day by its vice president, and there was evidence that the Petroleum Contractors' document was signed later by its corporate secretary. The plaintiffs claim that these documents constitute valid binding contracts.
On May 1, 1989, before any deliveries or installation of equipment had been made or performed by the plaintiffs, the defendant's attorney wrote each plaintiff stating that the terms contained in the documents were unacceptable and that he rejected them. The plaintiffs contend that this action constituted a breach of the contract in each case. They claim as damages the lost profits they would have realized if the contracts had been performed. CT Page 1963
A review of the two documents reveals that they are inextricably linked. The Bervic document (plaintiff's Exhibit 4) sets forth a list of different service station equipment and indicates the sales price of each. At the end, it states, "NOTE: Installation to be quoted separately." The Petroleum Contractors' document sets forth the price for excavation and installation of the equipment listed in the Bervic document. Paragraph 9 states, "See Bervic quote for equipment prices." Witnesses for both companies testified that the documents were prepared and submitted to the plaintiff as a "package deal" at the same time. The Bervic salesman presented the Petroleum Contractors' proposal as well as the Bervic proposal. Although the amounts charged for the equipment and for the installation of that equipment were stated separately, the two documents were clearly mutually dependent. If the defendant did not buy the equipment from Bervic, there would be nothing for Petroleum Contractors to install. In effect, the parties treated the two documents as a single contract, to stand or fall together. The court treats them likewise. See Fairfield Credit Corporation v. Donnelly, 158 Conn. 543, 547-549 (1969).
The Bervic document is entitled "QUOTATION." At the bottom of each page, there is a space for signatures, and the word "Accepted" is printed over the line where the defendant's signature appears. Each page also contains the statement, "All quotations are subject to change without: notice unless otherwise specified." Bervic's witness testified, however, that no changes in the prices listed on a "Quotation" may be made by Bervic once the buyer has signed the document. The last page of the Bervic document states, in part, "Terms: 10 deposit [sic] required with order", followed by provisions for payment of the balance upon delivery.
The Petroleum Contractors' document is entitled "PROPOSAL". At the bottom of each page, next to the line where the defendant signed, the following provisions are printed: "ACCEPTANCE OF PROPOSAL — The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above." On one of the pages, above the acceptance provision, the following appears: "Payment to be made as follows: progressive payments — to be arranged."
In determining whether or not parties have entered into a contract, no relevant evidence, parol or otherwise, is excluded. Damora v. Christ-Janer, 184 Conn. 109, 114 (1981).
In this case, the defendant testified that he did not consider the Bervic and Petroleum Contractors' documents CT Page 1964 standing alone to be binding contracts because he did not pay the 10% deposit required by the Bervic document. He stated that he told the Bervic salesman at the time of signing that he did not then have the money to pay it. He stated that he knew, and the Bervic witness verified, that Bervic would not even order the equipment from its supplier until the defendant paid the deposit. The Bervic salesman testified that Bosco promised to send the deposit in a week but never did. There was no evidence that the plaintiff waived the deposit requirement. To the contrary, the Bervic salesman stated that he never ordered the equipment because the deposit was not made in advance.
The two documents submitted to the defendant by the plaintiffs constituted an offer. In order to form a contract, it was necessary for the plaintiff to accept the offer. "It is elementary that to create a contract there must be an unequivocal acceptance of an offer. In the case of a bilateral contract, the acceptance of the offer need not be express but may be shown by any words or acts which indicate the offeree's assent to the proposed bargain. . . . The acceptance of the offer must . . . be explicit, full and unconditional. . . . The burden rest(s) on the plaintiff to prove a meeting of the minds to establish its version of the claimed contract." Bridgeport Pipe Engineering Co. v. DeMatteo Construction Co., 159 Conn. 242, 246 (1970). Whether an agreement exists is a question of fact for the court to determine. "If, after the plaintiff's offer was made and after the discussions which followed it, there was ambiguity in the meaning to be attached to the defendant's action . . ., such action could not amount to an acceptance of the plaintiff's offer. To constitute an offer and acceptance sufficient to create an enforceable contract, each must be found to have been based on an identical understanding by the parties." Id. 249.
In the present case, the plain terms of the offer as set forth in the Bervic quotation include the requirement that a 10% deposit be made "with order"; or in other words, a 10% deposit was required to complete the acceptance and create the contract. This was the defendant's understanding. In view of the explicit requirement set forth in the quotation and the discussion concerning the deposit with the plaintiff's representative at the time of signing, the defendant's understanding was reasonable. Furthermore, the plaintiffs clearly did not consider themselves contractually bound to do anything until the deposit was paid. In fact, they did not even order the equipment which they would need to fulfill their part of the contract if and when it was accepted in full by the defendant. Although the defendant's action in signing CT Page 1965 the document was an essential element in his acceptance, it was not sufficient by itself, without the deposit required by the plaintiff, to constitute an "explicit, full and unconditional" acceptance. At best, from the plaintiffs' standpoint, the defendant's response was ambiguous. That is not enough under the law. The court concludes that the plaintiffs have not met their burden of proving an acceptance of their offer by the defendant sufficient to create an enforceable contract
For all of the above reasons, judgment in this case shall enter for the defendant as against both plaintiffs.
Maloney, J.